UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN C. JONES,<br><br>   Petitioner<br><br>   v.<br><br>WARDEN J. ENGLEMAN,<br><br>   Respondent. | Case No. 2:22-cv-05292-MCS-GJS<br><br>**ORDER ACCEPTING IN PART AND REJECTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the 28 U.S.C. § 2241 habeas petition in this case (ECF No. 1, "Petition") and all relevant pleadings and other documents filed and lodged in this action including Respondent's Motion to Dismiss (ECF No. 5, "Motion"), Petitioner's Reply (ECF No. 7), the Amended Report and Recommendation of United States Magistrate Judge (ECF No. 13, "Report"), Respondent's Objections to the Report (ECF No. 15, "Objections"), and Petitioner's Opposition to Respondent's Objections (ECF No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the matters to which objections have been stated. Having completed its review, the Court sustains Respondent's objections.

First, Respondent objects to the Report insofar as it does not clearly preserve the Bureau of Prisons' discretion to apply earned time credits ("ETCs") toward either prerelease custody or supervised release. (Objections 4–5.) The Court agrees with Respondent that the Bureau of Prisons has such authority. 18 U.S.C. § 3632(d)(4)(C). The relief recommended by the Magistrate Judge, an order requiring the Bureau of Prisons to apply ETCs toward Petitioner's "early release," might be construed to abrogate this authority. Accordingly, the Court grants relief consistent with the Bureau of Prisons' discretion to apply ETCs toward either prerelease custody or supervised relief.

Second, Respondent objects to the Report insofar as it analyzes whether the Bureau of Prisons can withhold application of ETCs based on lodged detainers. Respondent contends that adopting these components of the Report would render an advisory opinion because Petitioner here does not have any lodged detainers. (Objections 5–8.) The Court agrees that no opinion needs to be rendered in this case as to whether the Bureau of Prisons may withhold ETCs based on lodged detainers. Accordingly, the Court strikes the references to lodged detainers in the Report's discussion of the merits of the Petition, (*e.g.*, Report 8–9, 13, 15–16, 18, 20–23), and expressly declines to decide whether the Bureau of Prisons has authority to withhold ETCs on the basis that a prisoner has a detainer lodged against him.

The Court adopts the Report subject to Respondent's sustained objections and accepts the ultimate recommendation of the Magistrate Judge that relief under 28 U.S.C. § 2241 be granted.

///

Accordingly, **IT IS ORDERED** that: (1) the Motion is DENIED; (2) the Petition is GRANTED; and (3) pursuant to 18 U.S.C. § 3632(d)(4)(C), the Bureau of Prisons shall (a) immediately calculate and apply Petitioner's earned time credits to date so as to ascertain his applicable release date, (b) thereafter release Petitioner on that release date pursuant to an appropriate placement within the discretion of the Bureau of Prisons, whether prerelease custody or supervised release, and (c) if that release date already has passed, release Petitioner within 20 days to either prerelease custody or supervised release, with the appropriate placement to be determined by the Bureau of Prisons.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 7, 2022

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE